UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD AND CHRISTINE HESLING, <br><br> Plaintiffs <br><br> v. <br><br> THE AVON GROVE SCHOOL DISTRICT, <br><br> and <br><br> THOMAS SEIDENBERGER, former Superintendent of the Avon Grove School District, in his individual capacity, <br><br> Defendants | CIVIL ACTION <br><br> No. 02-8565 |
| CHRISTINE HESLING, <br><br> Plaintiff <br><br> v. <br><br> AUGUSTUS MASSARO, et al., <br><br> Defendants | CIVIL ACTION <br><br> No. 03-5795 |

| | |
|---|---|
| CHRISTINE HESLING,<br><br>    Plaintiff<br><br>  v.<br><br>THOMAS SEIDENBERGER, in his official capacity as Superintendent for the Avon Grove School District,<br><br>    Defendant | CIVIL ACTION<br><br>No. 04-4874 |

**MEMORANDUM/ORDER**

March 30, 2007

      The three above-captioned cases have been consolidated for pre-trial purposes. Two pending matters are addressed in this Memorandum and Order: (1) a motion filed by plaintiffs Edward and Christine Hesling requesting reconsideration of the court's April 18, 2006 Opinion (a) granting defendant Thomas Seidenberger's motion for summary judgment in action No. 04-4874, and (b) affirming Magistrate Judge Angell's denial of leave to amend the complaint in action No. 03-5795, *see Hesling v. Avon Grove Sch. Dist.*, 428 F. Supp. 2d 262 (E.D. Pa. 2006); and (2) a motion by plaintiffs to disqualify defense counsel Andria Saia and the Levin Legal Group from joint representation of Dr. Seidenberger and the other defendants, based on an alleged conflict of interest among the defendants. (Also pending are a motion to file a reply brief in one case, and an amended reply brief in another, which will be granted.) The facts and background of the underlying

controversy and these three separate actions are set forth at length in the court's April 18, 2006 opinion and need not be repeated here. *See Hesling*, 428 F. Supp. 2d at 264–68.

**Motion for reconsideration**

> The purpose of a motion for reconsideration, we have held, is to correct manifest errors of law or fact or to present newly discovered evidence. Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citations and internal quotation marks omitted). Here, plaintiffs argue for reconsideration on the basis of the third ground—what plaintiffs characterize as "manifest error of law." *See* Pls.' Mem. Supp. Mot. for Recons. 2.

This court granted Dr. Seidenberger's motion for summary judgment[1] because the plaintiffs failed to administratively exhaust their claims, as required by the Individuals with Disabilities Education Act (IDEA). Because "Ms. Hesling . . . never sought administrative remedies for her retaliation claim," I found that "Ms. Hesling comes before this court in an unacceptable posture for an IDEA claim—she is not presently 'aggrieved by the findings or decision' of the IDEA's administrative process, and, while she bears the burden to do so, she has not presented any compelling argument that exhaustion

---

[1] Docket Nos of motion in each of the 3 cases

should be excused." *Id.* at 274, 276. I noted that several courts had held that compensatory damages were "not available in actions brought directly under the IDEA," and thus, arguably, compensatory damages were not available through the IDEA's administrative proceedings. *Id.* at 274 (noting that "[t]he Third Circuit has not settled the question"). However, I concluded that "at least part of the relief sought by Ms. Hesling—declaratory relief for violation of her rights under the IDEA—is available through the statute's administrative proceedings," and that "[i]n light of the availability of some of the relief sought, exhaustion is required." *Id.* at 275.

In their motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule of Civil Procedure 7.1(g), plaintiffs claim that "[c]ontrary to the Court's opinion . . . both the IDEA and its implementing regulations specifically precluded the Plaintiff from raising her damage claims against Seidenberger in IDEA administrative proceedings, as well as her claims for declaratory relief emanating from Seidenberger's retaliation against her." Pls.' Mem. Supp. Mot. for Recons. 2. Therefore, plaintiffs claim, the court's decision as to administrative exhaustion constitutes a "manifest error of law." *Id.*

As noted, the unavailability of a damages remedy in administrative proceedings was assumed in the court's earlier opinion—the dispositive question was the availability of declaratory relief. As to this question, plaintiffs provide no reason to reconsider the court's decision. Plaintiffs cite no authority for the proposition that declaratory relief

cannot be granted in IDEA administrative proceedings. Rather, they argue that claims for retaliation against a parent are not within the jurisdiction of an IDEA hearing officer, and thus could not be raised in administrative proceedings. The basis for this claim appears to be that such claims are not sufficiently "relat[ed] to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to [a] child." 20 U.S.C. § 1415(b)(6). Again, however, plaintiffs cite no authority for this proposition.

As Judge Brody has noted, "what may seem to be a clear error of law [may] in fact [be] simply a disagreement between the Court and the litigant." *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993) (quoting *Dodge v. Susquehanna Univ.*, 796 F. Supp. 829, 830 (M.D. Pa. 1992)). I find this to be the case here. The rationale for the court's holding was explained in the previous opinion, and plaintiffs cite no authority that would demonstrate that the opinion built upon a clear error of law. Therefore, the motion for reconsideration will be denied.

**Motion to disqualify defense counsel**

"The district court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it." *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980). "Although disqualification ordinarily is the result of a finding that a disciplinary rule prohibits an attorney's appearance in a case, disqualification never is automatic." *Id.* "In order to show that

disqualification is proper, the party seeking disqualification must clearly show[] that continued representation would be impermissible." *Lease v. Rubacky*, 987 F. Supp. 406, 407 (E.D. Pa. 1997) (internal quotation marks omitted).

Plaintiffs move to disqualify Andria Saia, Esq., and the Levin Legal Group ("defense counsel"), on the grounds that defense counsel's joint representation of (1) Dr. Seidenberger in his personal and official capacities and (2) the individual members of the school board ("Massaro, et al.") in their personal capacities presents an unwaivable conflict of interest under Rule 1.7(b) of the Rules of Professional Conduct.[2] The underlying claims in this case revolve around a letter to the editor of a local newspaper which allegedly defamed Ms. Hesling. Ms. Hesling alleges that the letter was written at the direction of Dr. Seidenberger and the school board, in retaliation for her attempts to vindicate her child's rights under the IDEA. Plaintiffs claim that the school board members and Dr. Seidenberger will likely attempt to "shift the blame" for the creation and publication of the letter to the editor:

> Each of the named administrators, including Dr. Seidenberger, has been sued in their respective individual capacities for the roles they played in the drafting and sending of [the] Letter to the Editors. The roles played by Dr. Seidenberger, Massaro, and the other District administrators, however, while all culpable, were very different. Indeed, because their respective versions of the events differ in such significant ways, as do the elements of

---

[2] "The Local Rules of the United States District Court for the Eastern District of Pennsylvania incorporate the Pa. R.P.C. [(Pennsylvania Rules of Professional Conduct)], which the Supreme Court of Pennsylvania has adopted." *In re Pressman-Gutman Co.*, 459 F.3d 383, 388 n.6 (3d Cir. 2006) (citing E.D. Pa. Local R. 83.6(IV)(B)).

their defenses, there is a conflict in their interests which does not allow Ms.
Saia and/or the Levin Group to adequately represent any of them.

Pls.' Mem. Supp. Mot. to Disqualify 1–2.

Defendants argue that there is no conflict of interest because there is no material difference in their positions—i.e., that Dr. Seidenberger's contention that he had no involvement in writing the letter is wholly distinct from, and does not imply, any accusation that the school board members *were* involved and/or culpable. Further, defendants argue that, to the extent any conflict exists, it has been validly waived. In support of this assertion, defendants have presented affidavits from counsel and all individual defendants averring that they have been apprised of the alleged conflict and have voluntarily given "informed consent" to the continued joint representation. Defendants further argue that they are entitled to costs incurred in responding to plaintiffs' motion under 28 U.S.C. § 1927.[3]

In general, Rule of Professional Conduct 1.7 allows waiver of a potential conflict of interest where "each affected client gives informed consent."[4] However, in cases of

---

[3] Title 28, Section 1927 of the United States Code provides:
Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

[4] Rule 1.7 of the Pennsylvania Rules of Professional Conduct, *see supra* note 2, as amended August 23, 2004, and effective January 1, 2005, states:
Rule 1.7. Conflict of Interest: Current Clients
(a) Except as provided in paragraph (b), a lawyer shall not represent a client

7

very serious or irreconcilable conflicts, the conflict may be unwaivable. In the balance of this section, I first consider whether the alleged conflict in this case is within this subset of unwaivable conflicts. Concluding that it is not, I then find that any conflict has been validly waived.

A conflict of interest may be so severe as to impede the fair operation of the courts and preclude continued joint representation, regardless of any waiver. *Cf., e.g.*, *United States v. Jones*, 381 F.3d 114, 120 (2d Cir. 2004) (finding a "*per se* unwaivable conflict of interest" where "the attorney's self-interest in avoiding criminal charges or harm to his reputation were enough to influence every aspect of his representation of defendant"); *Sapienza v. New York News, Inc.*, 481 F. Supp. 676, 680 (S.D.N.Y. 1979) (finding

---

    if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
        (1) the representation of one client will be directly adverse to another client; or
        (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
    (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
        (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
        (2) the representation is not prohibited by law;
        (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
        (4) each affected client gives informed consent.

conflict unwaivable where it was "far from obvious that [counsel] could adequately represent both [a defendant] and the plaintiffs"). However, in contrast to the egregious conflicts in cases like *Jones* and *Sapienza*, which threaten the "'confidence and respect of the community towards its bench and bar' even where the parties have consented to the multiple representation," *Sapienza*, 481 F. Supp. at 680 (quoting *Estates Theatres, Inc. v. Columbia Pictures Indus., Inc.*, 345 F. Supp. 93, 98–99 (S.D.N.Y. 1972)),[5] the alleged conflict in this case is relatively minimal. I find that the alleged conflict may be waived under Pa R.P.C. 1.7(b).

Defense counsel, who "know[] the intricacies of this case far better than the court, ha[ve] stated that the representation of none of [their] clients will be adversely affected," *Kaiser v. Stewart*, No. 96-6643, 1997 WL 186329, at *3 (E.D. Pa. Apr. 10, 1997). Furthermore, each defendant avers that he or she is cognizant of the potential conflict and has given "informed consent" to the continued joint representation. Under these circumstances, and taking into account that "'motions to disqualify opposing counsel generally are not favored,'" *Jordan v. Phila. Hous. Auth.*, 337 F. Supp. 2d 666, 678 (E.D. Pa. 2004) (quoting *Commonwealth Ins. Co. v. Graphix Hot Line, Inc.*, 808 F. Supp. 1200,

---

[5] *See also Lease*, 987 F. Supp. at 407–408 (finding, where counsel sought to represent "himself, . . . his law firm," and an individual client, that "the interests are too adverse to allow joint representation" because counsel and the law firm were "directly liable" to their individual client on related claims); *Kaiser v. Stewart*, No. 96-6643, 1997 WL 186329, at *3 (E.D. Pa. Apr. 10, 1997) (stating that the "type of conflict" in which "disqualification is proper even in the face of a valid client consent . . . is most likely to arise in the criminal context").

9

1203 (E.D. Pa. 1992)), I will deny the motion to disqualify. "It is not for the court to second guess decisions of the various defendants in this case . . . . or to compel a party to engage separate counsel it may not be able to afford, if the party understands the 'implication of common representation and the advantages and risks involved.'" *Kaiser*, 1997 WL 186329, at *4 (quoting former text of Pa. R.P.C. 1.7(b)); *cf. Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 441 (1985) (Brennan, J., concurring) ("When a trial court mistakenly disqualifies a party's counsel . . . the court in essence permits the party's opponent to dictate his choice of counsel. . . . [T]his result is in serious tension with the premises of our adversary system.").

However, because plaintiffs' motion was thoroughly argued and reflected a colorable claim of potential conflict, I will not exercise my discretion under 28 U.S.C. § 1927 to award costs, expenses or fees to defendants.

### ORDER

**AND NOW**, this 30th day of March, 2007, for the reasons stated above, it is hereby **ORDERED** that:

1. Plaintiffs' motions for leave to file a reply brief (Civil Action 03-5795, Docket No. 49; Civil Action 04-4874, Docket No. 46) are **GRANTED**;

2. Plaintiffs' motion for leave to file an amended reply brief (Civil Action 04-4874) is **GRANTED**;

3. Plaintiffs' motion for reconsideration of the court's Opinion of April 18, 2006[6] is **DENIED**;

4. Plaintiffs' motion to disqualify defense counsel[7] is **DENIED** as to civil actions No. 02-8565 and No. 03-5795 and **DISMISSED** as **MOOT** as to civil action No. 04-4874; and

5. In accordance with the parties' stipulation in civil action No. 02-8565 (Docket No. 73), plaintiffs shall file any response to the Avon Grove School District's Motion for Summary Judgment (Docket No. 71) within twenty-one days of the filing of this Order.

FOR THE COURT:

/s/ Louis H. Pollak

Pollak, J.

---

[6] *See* Civil Action 03-5795, Docket No. 43; Civil Action 04-4874, Docket No. 37.

[7] *See* Civil Action 02-8565, Docket No. 60; Civil Action 03-5795, Docket No. 35; Civil Action 04-4874, Docket No. 29.